IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 10-cv-00632-LTB-MEH

RICHARD KAUFMAN,

      Plaintiff,

v.

JONATHAN HIGGS,
RICHARD P. MILNER, and
SCOTT LISKA,

      Defendants.

_____

ORDER

_____

This case is before me on Defendants' Motion for Summary Judgment [Doc # 17]. After

consideration of the motion, all related pleadings, and the case file, I grant Defendants' motion

for the reasons set forth below.

## I. Background

This action arises out of Plaintiff's arrest after he failed to cooperate with Defendants'

investigation of a hit and run accident involving Plaintiff's vehicle. For purposes of Defendant's

motion, the following facts are undisputed unless otherwise noted.

On March 14, 2009, a witness reported to the Colorado State Patrol ("CSP") that she had

seen a female driver, who had a male passenger in her vehicle, strike another vehicle in a parking

lot and leave the scene without reporting the accident. Using the license number provided by the

witness, CSP troopers determined that the subject vehicle was registered to Plaintiff.

On March 28, 2009, at Plaintiff's invitation, Defendant Jonathan Higgs and Defendant

Richard P. Milner, both CSP troopers, went to Plaintiff's residence to investigate the hit and run

accident.  Defendants Higgs and Milner asked Plaintiff to identify the person who was driving

his vehicle at the time of the accident.  Plaintiff did not identify the driver.  Upon further

discussion, Plaintiff, who acknowledged that he was an attorney, advised Defendants Higgs and

Milner that he would not identify the driver on the basis of "privilege."  While Defendants assert

that Plaintiff specifically asserted the attorney-client privilege, Plaintiff maintains that he did not

invoke any particular privilege.  For purposes of Defendants' motion then, I will assume that

Plaintiff's assertion of privilege encompassed both the attorney-client privilege and the Fifth

Amendment privilege against self-incrimination.

While at Plaintiff's residence, Defendants Higgs and Milner contacted Defendant Scott

Liska, a CSP corporal acting as the duty officer, and advised him of Plaintiff's claim of privilege.

Defendant Liska researched the matter and concluded that the name of the driver was not

privileged information and that Plaintiff could be cited and arrested for obstruction of a peace

officer based on his refusal to identify the driver of his vehicle.  Defendant Liska advised

Defendants Higgs and Milner of his conclusions.

Defendants Higgs and Milner handcuffed and arrested Plaintiff.  Plaintiff was transported

to the Arapahoe County Jail where he was charged with obstruction of a peace officer in

violation of C.R.S. § 18-8-104 and placed in a jail cell for some period of time before being

released on a cash bond.  The criminal charges against Plaintiff were subsequently dismissed.

Plaintiff's Complaint asserts a § 1983 claim against Defendants for violation of his

constitutional rights.  Specifically, Plaintiff asserts that Defendants violated his Fourth

Amendment right to be free from unreasonable searches by arresting him without probable cause

and his Fifth Amendment privilege against self-incrimination without retaliation by arresting

him when he refused to identify the drive of his vehicle.  By their motion, Defendants argue that

they are entitled to summary judgment on Plaintiff's claim under the doctrine of qualified

immunity.

## II.  Standard of Review

The very purpose of a summary judgment motion under Rule 56 is to assess whether trial

is necessary.  *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Rule 56 provides that

summary judgment shall be granted if the pleadings, depositions, answers to interrogatories,

admissions, or affidavits show that there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The non-moving party

has the burden of showing that there are issues of material fact to be determined.  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of the pleadings,

depositions, interrogatories, and admissions on file together with affidavits, if any, which it

believes demonstrate the absence of genuine issues for trial.  *Celotex*, 477 U.S.  at 323;  *Mares v.*

*ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).  Once a properly supported

summary judgment motion is made, the opposing party may not rest on the allegations contained

in his complaint, but must respond with specific facts showing the existence of a genuine factual

issue to be tried.  *Otteson v. U.S.*, 622 F.2d 516, 519 (10th Cir. 1980); Fed.R.Civ.P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary

judgment is proper and there is no need for a trial.  *Celotex*, 477 U.S. at 323.  The operative

inquiry is whether, based on all documents submitted, reasonable jurors could find by a

preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 250 (1986). However, summary judgment should not enter if,

viewing the evidence in a light most favorable to the nonmoving party and drawing all

reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party.

*Anderson Liberty Lobby, Inc.*, 477 U.S. at 252; *Mares*, 971 F.2d at 494.

### III.  Analysis

The doctrine of qualified immunity shields governmental officials performing

discretionary functions from liability for civil damages provided that their conduct does not

violate clearly established constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

Once a defendant asserts the defense of qualified immunity, the plaintiff must establish (1) that

the defendant's actions violated a constitutional or statutory right; and (2) that the law was

clearly established such that a reasonable person in the defendant's position would have known

that their conduct violated the law. *Garrett v. Stratman,* 254 F.3d 946, 951 (10th Cir. 2001).

Courts have discretion in determining which of the two prongs of the qualified immunity

defense to address first in light of the specific circumstances presented. *Pearson v. Callahan,*

555 U.S. 223, 236 (2009). Under the circumstances of this case, I proceed to analyze the two

prongs of qualified immunity analysis in sequential order.

### A.  Plaintiff's Fourth Amendment Rights

"A warrantless arrest is permissible when an officer has probable cause to believe that a

person committed a crime." *Cortez v. McCauley,* 478 F.3d 1108, 1116 (10th Cir. 2007) (internal

quotations omitted). "Probable cause to arrest exists only when the facts and circumstances

within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id.* (citation omitted).

Under C.R.S. § 18-8-104, "[a] person commits obstructing a peace officer ... when, by using or threatening to use violence, force, physical interference, or an obstacle, such person knowingly obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer, acting under color of his or her official authority ...." Defendants argue that their belief that Plaintiff was in violation of Section 18-8-104 was reasonable because his refusal to identify the driver of his vehicle was "an obstacle" to their investigation of the hit and run accident that was not excused by his claim of "privilege." Plaintiff responds that his refusal to identify the driver of his vehicle did not constitute obstruction of a peace officer under *Dempsey v. People,* 117 P.3d 800 (Colo. 2005) and that Defendants therefore did not have probable cause to arrest him.

In *Dempsey*, the defendant was convicted obstructing a peace officer in violation of Section 18-8-104 based on evidence that he (1) refused to provide his identification for police officers to write him a summons; (2) stated repeatedly that he needed to speak to his attorney; (3) walked away with his hands in his pockets; and (4) struggled with the police officers after they grabbed his arms for their own safety, still refusing to cooperate with their attempts to issue him a summons. *Id.* at 812. The Colorado Supreme Court upheld the defendant's conviction after reviewing the totality of the circumstances. *Id.* at 812-13. Before reaching this conclusion, the Court discussed the meaning of the terms "obstacle" and "physical interference" under Section 18-8-104(1)(a). Although the Court noted that the obstacle at issue may not be merely verbal

opposition, it repeatedly referred to the terms "obstacle" and "physical interference" in the disjunctive thereby suggesting that an obstacle under Section 18-8-104 can be something other than a physical object. *Id.* at 810-11. Furthermore, after citing cases in which courts from other jurisdictions concluded that no physical contact was required under similar obstruction statutes, the Court ultimately stated that "although mere verbal opposition alone *may* not suffice, a combination of statements and acts by the defendant, including threats of physical interference *or imposition of an obstacle* can form the crime of obstruction." Id. at 811. *Dempsey* therefore does not establish that Plaintiff did not violate Section 18-8-104 as a matter of law by refusing to identify the driver of his vehicle.

More importantly, in determining whether Defendants violated Plaintiff's Fourth Amendment rights by his arrest, the question is not whether Plaintiff committed the crime of obstructing a peace officer but whether Defendants had probable cause to believe that he did. *Cortez*, *supra*. *See also Illinois v. Gates,* 462 U.S. 213, 245 n.13 (1983) ("[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."). Here, based on the plain language of the obstruction statute itself, I conclude that Defendants could reasonably believe that Plaintiff's assertion of "privilege" and refusal to identify the driver of his vehicle constituted an "obstacle" that obstructed, hindered, or impaired their investigation of the hit and run accident involving Plaintiff's vehicle. Plaintiff has therefore failed to meet his burden of establishing that Defendants violated his Fourth Amendment rights by arresting him without probable cause.

Because Plaintiff cannot establish a violation of his Fourth Amendment rights, Defendants are entitled to qualified immunity on Plaintiff's § 1983 claim based on such rights,

and I need not consider whether the law was clearly established such that a reasonable person in

Defendants' position would have known that their conduct violated those rights.

**B.  Plaintiff's Fifth Amendment Rights**

Relying on *Miranda v. Arizona,* 384 U.S. 436 (1966), Plaintiff argues that his arrest after

he refused to identify the driver of his vehicle violated his Fifth Amendment privilege against

self-incrimination because he could possibly be held liable for the hit and run accident under

C.R.S. § 18-1-603.  Section 18-1-603, Colorado's complicity statute, provides that a person is

legally accountable for the criminal behavior of another if such person aids, abets, advises, or

encourages the other person in planning or committing the criminal offense.  I disagree that

Defendants violated Plaintiff's Fifth Amendment rights.

The Fifth Amendment provides that no person "shall be compelled in any criminal case

to be a witness against himself."  The Supreme Court's decision in *Miranda* "gave force to the

Constitution's protections against compelled self-incrimination by establishing certain

procedural safeguards that require police to advise criminal suspects of their rights under the

Fourth and Fourteenth Amendments before commencing custodial interrogation." *Berghuis v.*

*Thompkins,* – U.S. –, 130 s. Ct. 2250, 2267 (2010) (citations and internal quotations omitted).

*Miranda* and subsequent Supreme Court cases also require police to respect the accused's

decision to exercise the rights outlined in the warnings including the right to remain silent.  *Id.* at

2268.  The procedural safeguards established by *Miranda*, however, do not extend the scope of

the Fifth Amendment privilege against self-incrimination and cannot be the basis for a § 1983

claim.  *Chavez v. Martinez,* 538 U.S. 760, 772-73 (2003).  Rather, the Fifth Amendment only

precludes the admission of statements obtained through coercive custodial questioning into

evidence in a criminal trial.  *Id.*

Because there was no criminal trial in which Plaintiff was forced to be a witness against himself, Plaintiff cannot meet his burden of establishing that Defendants violated his Fifth Amendment privilege against self -incrimination by arresting him after he refused to identify the driver of his vehicle.  Defendants are therefore entitled to qualified immunity on Plaintiff's § 1983 claim based on his Fifth Amendment rights, and I need not consider whether the law was clearly established such that a reasonable person in Defendants' position would have known that their conduct violated those rights.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Defendants' Motion for Summary Judgment [Doc # 17] is GRANTED;

2.  Plaintiff's § 1983 claim against Defendants is DISMISSED WITH PREJUDICE;

2.  Final Judgment shall enter in favor of Defendants on Plaintiff's § 1983 claim; and

3.  Defendants shall be awarded their costs.

Dated: July   29  , 2011 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE